**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4766**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

        v.

JAMES BRANCH,

    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Malcolm J. Howard, Senior District Judge.  (5:15-cr-00348-H-1)

Submitted:  May 25, 2017                                     Decided:  May 30, 2017

Before MOTZ, THACKER, and HARRIS, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Eric J. Brignac, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Branch appeals the 60-month sentence imposed by the district court after his guilty plea to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) (2012). Branch's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding there are no meritorious grounds for appeal but questioning whether Branch's sentence is substantively reasonable. Although notified of his right to file a pro se brief, Branch has not done so. The Government has moved to dismiss the appeal as barred by the appeal waiver in Branch's plea agreement. We dismiss the appeal.

We review de novo the validity of an appeal waiver. *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013). A defendant's waiver is valid if he agreed to it "knowingly and intelligently." *United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010). An appeal waiver generally is enforceable "if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver." *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012) (internal quotation marks omitted).

Upon review of the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Branch knowingly and voluntarily waived his right to appeal and that the sentencing issue Branch seeks to raise on appeal falls squarely within the scope of his waiver of appellate rights. Moreover, in accordance with *Anders*, we have reviewed the record for any potentially meritorious issues that might fall outside the

scope of the waiter and have found none. *See Copeland*, 707 F.3d at 529-30. Accordingly, we grant the Government's motion to dismiss the appeal.

This court requires that counsel inform Branch, in writing, of the right to petition the Supreme Court of the United States for further review. If Branch requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Branch. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*